**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., et al., ) | |
| ) | |
| Plaintiffs, ) | Case No.  2:16-cv-02282-RFB-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LVBP, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Presently before the court is Plaintiffs JPMorgan Chase Bank, N.A. and Federal National Mortgage Association's Opposition and Objection to Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (ECF No. 45), filed on April 5, 2017.  The court construes this filing as a motion to extend time to serve Defendant LVBP Properties, LLC.

On March 7, 2017, the Clerk of Court entered a notice of intent to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure, stating that no proof of service had been filed as to Defendant LVBP Properties, LLC.  (Rule 4(m) Notice (ECF No. 36).)  The notice required Plaintiff to file proof of service that this Defendant was served by the service deadline, which was February 8, 2017.[1]  (*Id.*)  On March 9, 2017, Plaintiffs filed proof of service indicating that Defendant was served on March 8, 2017.  (Summons Returned Executed (ECF No. 37) at 2.)  The next day, Defendant filed an answer and counterclaim.  (Ans. & Countercl. (ECF No. 38).)

Plaintiffs now move for a retroactive extension of the service deadline, arguing that good cause exists to extend the deadline.  Specifically, Plaintiffs argue that they encountered difficulties

---

[1] Plaintiffs' amended complaint (ECF No. 13), which added Plaintiff LVBP, Inc. as a party, was filed on November 10, 2016.  The 90-day service deadline was February 8, 2017.

locating this Defendant, requiring them to hire a private investigator to locate potential service

addresses for Defendant's manager.  They further argue that their process server had to conduct

surveillance to locate the manager.  Plaintiffs represent that they relied in good faith on their

process server's assurances that it had timely served Defendant, but due to various internal errors

by the process server, service was not accomplished.  According to Plaintiffs, they did not realize

service had not been accomplished until they received the Rule 4(m) notice from the court.

Plaintiffs argue that upon realizing service was not accomplished, they immediately mobilized and

served Defendant the day after the Rule 4(m) notice was entered.  Plaintiffs further argue that they

ultimately "effectuated personal service on [Defendant's manager] only **one day** outside the time to

serve, resulting in the immediate filing of a responsive pleading by LVBP Properties."[2]  (Opp'n &

Objection (ECF No. 45) at 5 (emphasis in original).)

Rule 4(m) of the Federal Rules of Civil Procedure establishes the time for service on

domestic defendants:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

The court must extend the 90-day time limit of Rule 4(m) if the serving party shows good cause for

failure to serve within 90 days.  *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)

(citing version of Rule 4(m) with 120-day deadline).  If the serving party does not show good

cause, the court has discretion to extend time for service, or to dismiss the complaint without

prejudice.  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  The court's discretion to extend time

for service, or to dismiss without prejudice for failure to timely serve, is broad.  *Id.*

Courts must determine on a case-by-case basis whether the serving party has shown good

cause.  *In re Sheehan*, 253 F.3d at 512.  Generally, good cause is equated with diligence.  *Townsel

v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).  A showing of good cause requires

---

[2] Given that the service deadline was February 8, 2017 and that the process server's affidavit
indicates that Defendant LVBP Properties was served on March 8, 2017, it is unclear to the court why
Plaintiffs argue that they were only one day late in effectuating service of process.

more than inadvertence or mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

Plaintiffs have not demonstrated good cause to extend time to serve Defendant LVBP Properties. Although they made significant efforts to locate the Defendant using their private investigator and process server, Plaintiffs do not explain their own failure to confirm that service had been accomplished before the service deadline or to verify that proof of service was timely filed with the court. Had they done so, Plaintiffs presumably would have realized the process server's error and could have moved to extend time to serve before the expiration of the service deadline. Regardless, under Rule 4, the court has discretion, even without good cause, to extend the time for service. Given that Defendant ultimately was served, has appeared in this case, and did not oppose this motion, the court in its discretion will grant the retroactive extension and deem service timely.

IT IS SO ORDERED.

DATED: May 1, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**