# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A. FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>LVBP INC., PECCOLE RANCH COMMUNITY ASSOCIATION, LVBP PROPERTIES, LLC,<br><br>Defendants.<br>LVBP PROPERTIES, LLC,<br><br>Counter Claimant,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No. 2:16-cv-02282-RFB-DJA<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are Defendant Peccole Ranch Community (the HOA) and Plaintiffs JP Morgan Chase and Federal National Mortgage Association's Motions for Summary Judgment. ECF Nos. 54, 55. For the following reasons, the Court grants Plaintiffs' Motion for Summary Judgment and denies the other motion.

/ / /

/ / /

## II. PROCEDURAL BACKGROUND

Plaintiffs JPMorgan Chase Bank, N.A. ("Chase") and Federal National Mortgage Association ("Fannie Mae") (collectively "Plaintiffs") filed the operative amended complaint against Defendants LVBP, Inc., LVBP Properties, LLC ("LVBP") and Peccole Ranch Community Association ("the HOA") on November 1, 2016. ECF No. 1. Plaintiffs seek declaratory relief that a nonjudicial foreclosure sale conducted in 2012 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. Id. To obtain the relief, Plaintiffs assert four claims in the Complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against LVBP; (2) declaratory relief against all defendants in the alternative; (3) quiet title against LVBP; and (4) unjust enrichment against LVBP. Id. The HOA filed a motion to dismiss or in the alternative for summary judgment on November 28, 2016. ECF No. 16. Plaintiffs filed a counter motion for summary judgment on January 19, 2017. ECF No. 29. On February 22, 2017 the Court so-ordered a stipulation dismissing LVBP, Inc from the case with prejudice. ECF No. 35. LVBP filed its answer and asserted counterclaims for declaratory relief and quiet title against Plaintiffs on March 10, 2017. ECF No. 38. The Court administratively stayed the case and denied all outstanding motions without prejudice due to a pending appeal of the Bourne Valley Trust v. Wells Fargo Bank, N.A. case. 832 F.3d 1154 (9th Cir. 2016), cert denied 137 S. Ct. 2296 (2017). ECF No. 51. The Court lifted the stay on April 8, 2019. ECF No. 53. Both Plaintiffs and the HOA moved for summary judgment on May 13, 2019. ECF Nos. 54, 55. The HOA opposed Plaintiffs' motion and the Plaintiffs opposed the HOA's motion. ECF Nos. 56, 58, 64, 69–70. LVBP did not file a response to either motion.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### A. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 9601 Crystal Cup Circle, Las Vegas, NV 89117. The property sits in a community governed by the HOA. The HOA requires the community members to pay community dues.

Nonparty Christopher M. Bixby borrowed funds from Washington Mutual Bank ("WaMu") to purchase the property in 2007. To obtain the loan, Bixby executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Bixby as the borrower, WaMu as the lender and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary, was recorded on May 21, 2007. On or about September 25, 2008, Chase acquired mortgage servicing rights and obligations of WaMu in its capacity as receiver for WaMu. On September 25, 2008, the Deed of Trust was transferred to Chase by operation of law under its powers as receiver for WaMu as memorialized in a deed recorded on August 1, 2013.

Bixby failed to pay the required HOA dues. Thus on May 31, 2011, the HOA, through its agent, recorded a notice of delinquent assessment lien, followed by a notice of default and election to sell and then a notice of foreclosure sale. On September 28, 2012 LVBP purchased the property for $7,501.00, as recorded in the foreclosure deed on October 4, 2012.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in June 2007. While its interest was not recorded under its name

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

until December 2013, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the HOA foreclosure. Chase serviced the note on behalf of Fannie Mae at the time of the foreclosure.

The relationship between Fannie Mae and Chase, as Fannie Mae's agent and servicer, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include

- 4 -

full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance FHFA ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure purportedly extinguishing Fannie Mae's interest in the property in this matter.

### B. Disputed Facts

The parties primarily dispute the legal effect of the circumstances described above.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.     DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2007.

Despite Berezovsky, the HOA attempts to avoid an unfavorable entry of summary judgment by arguing that Chase and Fannie Mae do not have standing to enforce the federal foreclosure bar, that the federal foreclosure bar should not preempt NRS Chapter 116, that Plaintiffs already have a remedy available in contract, that the Federal Foreclosure Bar violates the

HOA's procedural due process rights, and that HERA protects the property of FHFA rather than the property of the enterprises. The Court addresses each argument in turn.

The Court first addresses the standing issue. The Ninth Circuit and the Nevada Supreme Court have asserted that the Enterprises and authorized loan servicers have standing to raise the Federal Foreclosure Bar. Berozovsky, 869 F.3d at 933 (permitting Freddie Mac to bring Federal Foreclosure Bar claim); Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, 699 F.App'x 658 (9th Cir. 2017) (finding that loan servicer had standing to raise Federal Foreclosure Bar claim); Saticoy Bay LLC 9641 Christine View v. Federal National Mortg. Ass'n, 417 P.3d 363, 366–68 (Nev. 2018) (noting that both the Enterprises and servicers of loans for Enterprises may argue that the Federal Foreclosure Bar applies). Thus, both Chase and Fannie Mae have standing to raise the Federal Foreclosure Bar.

Second the HOA argues that 12 U.S.C. § 4617(j)(3) should not preempt NRS 116. The HOA's arguments are of no avail as they attempt to relitigate what the Ninth Circuit has already explicitly decided: that 12 U.S.C. § 4617(j)(3) preempts NRS 116. Berozovsky, 869 F.3d at 933.

Third, the HOA argues that Plaintiffs already had a remedy in contract. However, the HOA points to no source of authority that requires that FHFA or Fannie Mae seek contractual remedies in lieu of seeking application of the Federal Foreclosure Bar, and so the Court rejects this argument.

The HOA next argues that the Federal Foreclosure Bar violates its procedural due process rights. A procedural due process claim has two elements: 1) deprivation of a constitutionally protected liberty or property interest, and 2) a denial of adequate procedural deprivation. Federal Home Loan Mortg.Corp. v. SFR Investments Pool 1, LLC. 893 F.3d 1136, 1147 (9th Cir. 2018) (citing Brewster v. Bd. Of Educ. At Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998)). The HOA fails to meet either prong. First, 12 U.S.C. § 4617(j)(3) does not destroy the

HOA's lien or deprive the HOA of its property interest. Nothing about the statute prevents the HOA from foreclosing on the superpriority portion of its lien. All the statute does is preserve the Enterprises' interest in the property sale unless FHFA has expressly stated otherwise. Second, even if the Court found that 12 U.S.C. § 4617(j)(3) limits the HOA's full exercise of its property rights in a way that *could* constitute a potential deprivation, "due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Samson v. City of Bainbridge Island, 683 F.3d 1051, 1060 (9th Cir. 2012). Congress's passing of HERA was done in the normal manner prescribed by law, and Congress thus satisfied the HOA's due process rights even if the HOA had no knowledge of HERA's passage or its potential effects on the HOA's property rights. Thus there is no procedural due process violation.

The HOA also argues that HERA only covers property that belongs to FHFA, arguing by implication that the property at issue in this case was not FHFA's property. This is false. FHFA as conservator succeeds by law to the enterprises' "rights, titles powers and privileges." 12 U.S.C. § 4617(b)(2)(A)(i). This also includes the enterprises' property interests. See Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149 (9th Cir. 2018) (noting that FHFA succeed to the Enterprise's interest in the property at issue).

Finally, the Court considers the sufficiency of Plaintiffs' evidence. As a preliminary matter, the Court notes that it is immaterial that Fannie Mae failed to record its interest in the property at the time of the HOA foreclosure sale. See SFR Investments Pool 1, LLC v. Chase Servicing, LLC controls. 432 P.3d 718 (Nev. 2018) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS

106.210). Because Fannie Mae acquired the loan in 2007, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d at 718.

To establish Fannie Mae's property interest, Plaintiffs attach printouts from Fannie Mae's internal database and Chase's internal database, accompanied by declarations from a Fannie Mae and Chase employee respectively. The Fannie Mae employee translates the printouts and identifies the Guide. In doing so, the employee specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the different entities that have been Fannie Mae's servicer. This information is further corroborated by Chase's internal records.

The Ninth Circuit has allowed FHFA and the enterprises to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. Daisy Trust v. Wells Fargo Bank, N.A, 445 P.3d 846, 850 (Nev. 2019) (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and Chase, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2007—prior to the foreclosure

sale—and has owned it since. Plaintiffs have therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims and counterclaims.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs Federal National Mortgage Association and JP Morgan Chase Bank, N.A's Motion for Summary Judgment (ECF No. 55) is GRANTED. The Court declares that LVBP acquired the property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of Plaintiffs on their quiet title claim. The remaining claims in this matter are dismissed.

**IT IS FURTHER ORDERED** that Defendant Peccole Ranch Community Association's Motion for Summary Judgment (ECF No. 54) is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 9) is expunged.

The Clerk of the Court is instructed to close this case.

DATED: January 30, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**